AO 472 (Rev. 12/03) Order of Detention Pending Trial

# UNITED STATES DISTRICT COURT

_____Eastern_____ District of _____Michigan_____

UNITED STATES OF AMERICA

v.

__DAVID HOLLAND__
Defendant

ORDER OF DETENTION PENDING TRIAL
Case Number: __13-30134__

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

## Part I—Findings of Fact

- ☐ (1) The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has been convicted of a ☐ federal offense ☐ state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed - that is
  - ☐ a crime of violence as defined in 18 U.S.C. § 3156(a)(4).
  - ☐ an offense for which the maximum sentence is life imprisonment or death.
  - ☐ an offense for which a maximum term of imprisonment of ten years or more is prescribed in _____.*
  - ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1)(A)-(C), or comparable state or local offenses.
- ☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.
- ☐ (3) A period of not more than five years has elapsed since the ☐ date of conviction ☐ release of the defendant from imprisonment for the offense described in finding (1).
- ☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an) other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternative Findings (A)

- ☐ (1) There is probable cause to believe that the defendant has committed an offense
  - ☐ for which a maximum term of imprisonment of ten years or more is prescribed in _____.
  - ☐ under 18 U.S.C. § 924(c).
- ☐ (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternative Findings (B)

- ☐ (1) There is a serious risk that the defendant will not appear.
- ☐ (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

## Part II—Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by ☑ clear and convincing evidence ☐ a preponderance of the evidence that

## Part III—Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

__3/15/2013__
Date

_[signature]_
Signature of Judge

U.S. Magistrate Judge Mona K. Majzoub
Name and Title of Judge

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 et seq.); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 et seq.); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).

David Holland Order of Detention

This is a presumption case. Defendant is charged by way of criminal complaint with knowingly taking and aiding others in taking personal property from another through actual and threatened force and violence causing victims to fear immediate injury and during and in relation to these crimes of violence knowingly used and carried, and aided others in using and carrying a firearm.

Defendant is 19 years of age and unemployed with no means of support. He is charged in two armed robberies, one occurring here on December 21, 2012 and the other taking place on January 26, 2013. He is involved with others in a series of robberies that target Radio Shack, T-Mobile and AT&T retail locations. The robberies typically involve two or three masked males who enter the location while three to five individuals provide a lookout for police. The masked robbers targeted the expensive cellular telephones and cash located in the registers of these retail stores. In each of the robberies, firearms were brandished by at least one of the suspects.

On January 26, 2013, at 2:45 pm, the AT&T located at 11526 E. 10 Mile Road, Warren, Michigan was robbed by two black males. The two subjects entered the stsore and one subject brandished a rifle. The subjects demanded cellular telephones and forced the employees to the back room. The subjects escaped with 43 items, including cellular telephones and iPads. Defendant David Lamont Holland has been identified as a participant in the January 26, 2013 robbery. His role was to enter the store as described above.

Defendant David Lamont Holland, also known as DABO, has also been identified as a participant in the December 1, 2012 robbery. Defendant's role was to enter the store as a gunman in the December 1, 2012 robbery. Defendant Holland received a portion of the proceeds obtained from selling the stolen cellular telephones for his role in the robbery.

There are several incriminating photos of Defendant Holland that have been marked as exhibits. On one photo, Defendant Holland is seen on video camera entering one of the retail locations on December 1, 2012, the date of a robbery, with another individual. Both men are wearing dark hoodies and several photos were taken of them inside the store as well.

Additionally Defendant's Facebook page is highly incriminating. It contains several photos of the Defendant holding wads and wads of money, presumably $100 bills, fanned out for better viewing. One of these such photos bears a tag line which reads: "Me n my niggas doin wat we do". Defendant is prominently displayed in this photo. Another photo shows Defendant posing "gangsta style" with a gun in each hand, aimed at the viewer.

Defendant has a history of having been shot in the back and in the leg, but is receiving no medical treatment for these injuries.

Defendant has been charged with Felony Stolen Property (Age 15), Felony Assault (Age 17), and two misdemeanors. Defendant has one outstanding warrant for failure to appear.

Defendant admits to using marijuana regularly.

Defendant at age 19 is now is charged with two violent crimes involving firearms, with witnesses who implicate him and evidence which is very strong.

Pretrial Services concludes that Defendant poses a danger to the community, and this Court agrees. The charges and allegations in the instant case render him a danger, and his criminal associations also make him dangerous.

The presumption of Detention was not rebutted. There is no condition or combination of conditions that would assure the safety of the community. Therefore Detention is Ordered.